Argued and submitted January 30, remanded July 6, 1981

**JENSEN,**
*Petitioner,*

*v.*

**BOARD OF DENTAL EXAMINERS,**
*Respondent.*

(CA 18281)

630 P2d 912

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Brown, Burt, Swanson & Lathen, Salem.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This is an appeal from an order of the Board of Dental Examiners revoking the petitioner's license to practice dentistry in Oregon and assessing him the cost of the disciplinary proceeding. The basis of the Board's order was its conclusion that petitioner was guilty of unprofessional conduct, ORS 679.140,[1] by making "lewd lascivious, and

---

[1] ORS 679.140 provides in pertinent part:

"(1) The board may discipline as provided in this section any person licensed to practice dentistry in this state for any of the following causes:

" * * * * *

"(c) Unprofessional conduct, * * *

" * * * * *

"(2) Unprofessional conduct as used in this chapter includes but is not limited to the following:

"(a) Employing what are known as 'cappers' or 'steerers' to obtain business.

"(b) Obtaining any fee by fraud or misrepresentation.

"(c) Wilfully betraying confidences involved in the patient-dentist relationship.

"(d) Employing, aiding, abetting or permitting any unlicensed personnel to practice dentistry.

"(e) Making use of any advertising statements of a character tending to deceive or mislead the public, or which are untruthful.

"(f) Habitual or excessive use of intoxicants or a controlled substance as defined under ORS 475.005 to 475.285.

"(g) Obtaining or attempting to obtain a controlled substance in any manner proscribed by the rules of the board.

"(h) Prescribing or dispensing drugs outside the scope of the practice of dentistry.

" * * * * *

"(5) In disciplining a person as authorized by subsection (1) of this section, the board may use any or all of the following methods:

"(a) Suspend judgment.

"(b) Place a licensee on probation.

"(c) Suspend a license to practice dentistry in this state.

"(d) Revoke a license to practice dentistry in this state.

"(e) Place limitations on a license to practice dentistry in this state.

"(f) Refuse to renew a license to practice dentistry in this state.

"(g) Any other disciplinary action the board in its discretion finds proper, including assessment of the costs of the disciplinary proceedings."

improper advances to a patient," OAR 818-10-080 (2)(e).[2] There was evidence of two separate incidents involving different patients. Petitioner admitted that the incidents occurred as testified to by the patients.

Petitioner's first assignment of error is that the Board's findings do not support its ultimate conclusions. We agree. The Board concluded that petitioner was guilty of eight violations, four against each patient, for "lewd advances," "lascivious advances," "improper advances" and "lewd, lascivious and improper advances." The Board may not make eight separate offenses out of two incidents. "Lewd" and "lascivious" are synonymous, and both may be considered "improper." The evidence supports only two violations. We remand this matter back to the Board for reconsideration of the sanctions to be imposed in light of our holding that petitioner is guilty of only two violations. *See Palen v. State Bd. Higher Education,* 18 Or App 442, 525 P2d 1047, *rev den* (1974).

Because the question may arise again, we consider petitioner's second claim of error. It arises from the Board's failure to give reasons for the sanctions imposed. Petitioner concedes that this question was determined by *Mary's Fine Foods, Inc. v. OLCC,* 30 Or App 435, 567 P2d 146, *rev den* (1977). In *Mary's Fine Foods,* this court held that the matter of the sanctions to be imposed by an administrative agency within statutory or regulatory ranges "is not subject to judicial review, absent possible constitutional questions."

Remanded.

---

[2] OAR 818-10-080(2)(e) defines unprofessional conduct as including:

"Making suggestive, lewd, lascivious, and improper advances to a patient."