Argued and submitted June 19, affirmed November 12, 1992

In the Matter of the Compensation of
Robin R. Oliver, Claimant.

Robin R. OLIVER,
*Petitioner,*

*v.*

NORSTAR, INC.
and Fire & Casualty Insurance Co.,
*Respondents.*

(90-15596; CA A71720)

840 P2d 1382

Kevin N. Keaney, Portland, argued the cause for petitioner. With him on the brief were Robert K. Udziela and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Howard R. Nielsen, Portland, argued the cause for respondents. With him on the brief was Beers, Zimmerman, Rice & Nielsen, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board that affirmed the referee's award of a penalty under ORS 656.262(10), *as amended by* Or Laws 1990 (Spec Sess), ch 2, § 15, for employer's failure to pay temporary total disability, but reversed the referee's decision that claimant is entitled to attorney fees under ORS 656.382.

While working for employer, claimant, a veterinary technician, contracted psittacosis, a disease carried in parrot feces. The claim was accepted, and medical benefits and time loss were paid. The claim was closed.

Claimant's symptoms returned, and she sought treatment and benefits for time lost from work. Employer denied the claim, but a referee ordered it accepted and processed. Employer requested a determination order. Subsequently, the Evaluation Section requested employer to schedule an examination by an attending physician. Employer did not do that; nor did it pay claimant the time loss to which she was entitled.

The referee found that employer acted unreasonably when it failed to comply with the order requiring acceptance and processing of the claim and when it refused to pay benefits for temporary total disability. It assessed a penalty under ORS 656.262(10) for "unreasonable claims processing" and attorney fees under ORS 656.382(1). ORS 656.262(10) provides:

"(a)  If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amount then due. Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount described in this subsection. The entire additional amount shall be paid to the worker if the worker is not represented by an attorney. If the worker is represented by an attorney, the worker shall be paid one-half the additional amount and the worker's attorney shall receive one-half the additional amount, in lieu of an attorney fee. The director's action and review thereof shall be subject to ORS 183.310 to

183.550 and such other procedural rules as the director may prescribe.

"(b)   When the director does not have exclusive jurisdiction over proceedings regarding the assessment and payment of the additional amount described in this subsection, the provision for attorney fees provided in this subsection shall apply in the other proceeding."

ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

The Board reversed the award of attorney fees, reasoning that the conduct for which the penalty was assessed under ORS 656.262(10) could not also form the basis for an award of attorney fees under ORS 656.382.

■■   We agree with the Board that, when the misconduct is such that a penalty may be assessed under ORS 656.262(10), no fees are available under ORS 656.382(1). *See Martinez v. Dallas Nursing Home*, 114 Or App 453, 836 P2d 147 (1992). When, however, the employer's conduct would not subject it to a penalty, but is of the type that would give rise to an assessment of attorney fees under ORS 656.382(1), attorney fees may be awarded. Here, a penalty is assessable under ORS 656.262(10) for employer's unreasonable refusal to pay disability benefits; accordingly, attorney fees are not available with regard to that conduct.

■   Claimant contends that the unreasonable refusal to process the claim encompassed not only the failure to pay time loss, but two acts of misconduct for which a penalty is not available under ORS 656.262(10) and for which attorney fees should be available under ORS 656.382(1). The referee found that the failure to process the claim included an unreasonable request for claim closure and a refusal to schedule an examination that had been requested by the Evaluation Section. We conclude that substantial evidence supports the Board's finding that those circumstances fall within the

misconduct of not processing the claim, for which a penalty has been assessed. Accordingly, we agree with the Board that attorney fees are not available under ORS 656.382.

Affirmed.