Argued and submitted November 18, 1992, affirmed February 17, 1993

In the Matter of the Compensation of
Esther C. Albertson, Claimant.

Esther C. ALBERTSON,
*Petitioner,*

*v.*

ASTORIA SEAFOOD CORPORATION
and Liberty Northwest Insurance Corporation,
*Respondents.*

(91-04143; CA A74705)

846 P2d 1208

Jan H. Faber, Astoria, argued the cause for petitioner. With him on the brief was Patrick Lavis, P.C., Astoria.

Alexander D. Libmann, Portland, argued the cause for respondents. With him on the brief was James D. McVittie, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

\* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board holding that it does not have jurisdiction to consider claimant's request for the assessment of a penalty for employer's unreasonable request for a suspension of benefits for temporary total disability.

On February 12, 1991, employer applied to the Director of the Department of Insurance and Finance, through the Compliance Division, for a suspension of claimant's benefits for temporary total disability, on the ground that claimant had failed to attend a scheduled independent medical examination. ORS 656.325(1); OAR 436-60-095. Claimant, in turn, requested that the Director impose sanctions and assess attorney fees against employer for acting in bad faith in requesting the suspension. On February 25, 1991, the Director denied the suspension of benefits. As to claimant's request for sanctions, the Director said that he had "no statutory authority for imposing such sanctions."

Claimant could have requested review of the Director's decision under ORS chapter 183. ORS 656.262(10)(a). Instead, she requested a hearing, seeking a penalty and attorney fees under ORS 656.262(10)(a), which provides:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due. Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount described in this subsection. The entire additional amount shall be paid to the worker if the worker is not represented by an attorney. If the worker is represented by an attorney, the worker shall be paid one-half the additional amount and the worker's attorney shall receive one-half the additional amount in lieu of an attorney fee. The director's action and review thereof shall be subject to ORS 183.310 to 183.550 and such other procedural rules as the director may prescribe."

We agree with the Board that the only matter involved in this dispute is the assessment of a penalty under ORS 656.262(10)

and the related attorney fee. *See Oliver v. Norstar,* 116 Or App 333, 840 P2d 1382 (1992). The Board had no jurisdiction to consider the matter.

Affirmed.