Argued and submitted September 17, affirmed November 17, 1993, petitioner's petition for reconsideration filed January 10, allowed by opinion February 23, 1994 See 126 Or App 541, 868 P2d 794 (1994)

In the Matter of the Compensation of
Robin R. Oliver, Claimant.

Robin R. OLIVER,
*Petitioner,*

*v.*

SCAMPS PET CENTER
and SAIF Corporation,
*Respondents.*

(91-07680; CA A77617)

862 P2d 1327

Kevin Keaney argued the cause for petitioner. On the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy.

Steven Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge, and Richardson, Chief Judge, and Leeson, Judge.

LEESON, J.

**LEESON, J.**

Claimant petitions for review of an order of the Workers' Compensation Board (Board) awarding her time loss as an "irregularly employed" worker. We affirm.

In February, 1989, while working for employer, claimant developed psittacosis, commonly known as "parrot's disease." Her occupational disease claim was accepted by employer's insurer, EBI. Claimant was asymptomatic by April, 1989, and EBI closed the claim in July, 1989.

After the claim was closed, claimant reduced her work hours for personal reasons from 40 per week to 20-30 per week. In September, 1989, she sought medical treatment for a new infection of psittacosis. She developed an acute phase of the disease and left work in October. She filed an occupational disease claim with SAIF, which became employer's insurer on October 1, 1989. Both SAIF and EBI denied responsibility.[1] The Board assigned responsibility to SAIF, because the claim was based on a new, separate infection of psittacosis. SAIF paid claimant TTD benefits, calculating compensation under the formula for "irregularly employed" workers. OAR 436-60-025(5).[2]

Claimant contends that her benefits should be calculated based on her wages at the time of the February, 1989, claim. She argues that she was entitled to compensation as a "regularly employed" worker under ORS 656.210(2)(b)(B),[3] because, in February, 1989, she was working 40 hours per week. We disagree. Although there is evidence that claimant

---

[1] EBI subsequently denied compensability as well. We addressed the issue of penalties and attorney fees for EBI's refusal to process the claim in *Oliver v. Norstar, Inc.*, 116 Or App 333, 840 P2d 1382 (1992).

[2] OAR 436-60-025(5) provides, in part:

"The rate of compensation for workers employed with * * * irregular * * * earnings shall be computed on the wages determined by this section. * * *

"(a) For workers employed * * * with varying hours, shifts or wages, insurers shall use the worker's average weekly earnings for the previous 26 weeks * * *."

[3] ORS 656.210(2)(b)(B) provides:

"The benefits of a worker who incurs an occupational disease shall be based on the wage of the worker at the time there is medical verification that the worker is unable to work because of the disability caused by the occupational disease."

continued to experience symptoms of her first exposure to psittacosis through the summer of 1989, the Board found that the October claim was based on a new, separate exposure to psittacosis, and that that infection was not a continuation of the disease contracted in February. Substantial evidence supports those findings. Accordingly, pursuant to ORS 656.210(2)(b)(B), the Board was required to calculate her benefits based on the wages she earned at the time of the second occupational disease.

Claimant does not challenge the Board's finding that she was working irregular hours at the time of her October claim. The Board did not err in calculating her benefits pursuant to OAR 436-60-025(5).

Affirmed.