Argued and submitted May 17, affirmed December 8, 1993

In the Matter of the Compensation of
Jesus R. Corona, Claimant.

Jesus R. CORONA,
*Petitioner,*

*v.*

PACIFIC RESOURCE RECYCLING
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 91-10031; CA A75988)

865 P2d 407

Kevin Keaney argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy.

Alexander Libmann argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of a Workers' Compensation Board order dismissing for lack of jurisdiction claimant's request for hearing regarding penalties and attorney fees under ORS 656.262(10) and ORS 656.382(1). We affirm.

Following what claimant asserts was an unreasonable delay in the payment of compensation on his compensable claim, he sought a hearing on the issues of temporary partial and temporary total disability, and sought a penalty under ORS 656.262(10) and attorney fees under ORS 656.382(1). Before the hearing, employer paid the benefits. The only issue remaining at the time of hearing was claimant's entitlement to penalties and fees. In his brief to the Board, claimant described employer's conduct that he asserted provided a basis for an award of penalties under ORS 656.262(10). Further, he asserted that the same conduct, "[t]he carrier's continued insistence in issuing time loss benefits more than 14 days past the due date[,] *also constitutes an unreasonable resistance to the payment of compensation under ORS 656.382(1).*" (Emphasis supplied.) The Board dismissed the request for hearing, holding that the matter was within the exclusive jurisdiction of the director of the Department of Insurance and Finance (DIF).

Under ORS 656.262(10)(a), a claimant is entitled to an additional amount as a penalty "[i]f the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim * * *." If the claimant is represented by an attorney, that penalty shall be paid one-half to the attorney, "in lieu of an attorney fee." "[T]he director [of DIF] shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount described in this subsection." ORS 656.262(10)(a). ORS 656.382(1) provides:

> "If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee * * *."

The Board concluded that it did not have jurisdiction over claimant's request for penalties and attorney fees, because the sole issue was the assessment of a penalty under ORS 656.262(10)(a). We agree. The portion of a penalty that is paid to a claimant's attorney under ORS 656.262(10)(a) is "in lieu of an attorney fee." We have held that the same conduct cannot be the basis for both a penalty under ORS 656.262(10)(a) *and* an award of attorney fees under ORS 656.382(1):

> "[W]hen the misconduct is such that a penalty may be assessed under ORS 656.262(10), no fees are available under ORS 656.382(1). *See Martinez v. Dallas Nursing Home*, 114 Or App 453, 836 P2d 147[, *rev den* 315 Or 271] (1992). When, however, the employer's conduct would not subject it to a penalty, but is of the type that would give rise to an assessment of attorney fees under ORS 656.382(1), attorney fees may be awarded." *Oliver v. Norstar, Inc.*, 116 Or App 333, 336, 840 P2d 1382 (1992).

Unlike in *Oliver*, claimant here does not assert that one act of misconduct would support a penalty and that a different act of misconduct would support an attorney fee. Nonetheless, claimant argues that, in an appropriate case, the findings might support both a penalty under ORS 656.262(10)(a) and a fee under ORS 656.382(1), and in that situation, both awards may be made. Under *Martinez* and *Oliver*, that is true only if there are two separate acts of misconduct, one of which would not support a penalty under ORS 656.262(10)(a).

We agree with the Board's reasoning in this case: When the claimant raises a viable request for a penalty under ORS 656.262(10)(a), and the unreasonable conduct that supports the penalty is the sole issue, the director has exclusive jurisdiction.[1] Here, claimant raised a viable request for a penalty under ORS 656.262(10)(a). The misconduct asserted in support of that penalty is identical to the misconduct

---

[1] Claimant argues that the Board must make a finding that fees are not recoverable under ORS 656.382(1) before there can be a determination that the sole issue is entitlement to a penalty under ORS 656.262(10)(a), over which the director has exclusive jurisdiction. Claimant is wrong. The same misconduct cannot result in the assessment of both a penalty and a fee. Therefore, when the only misconduct asserted would, if proved, support a penalty, no fees can be assessed, and the sole issue is entitlement to a penalty.

asserted in support of attorney fees. Therefore, the sole issue is the entitlement to a penalty under ORS 656.262(10)(a), and the director has exclusive jurisdiction. The Board did not err in dismissing claimant's request for hearing.[2]

Affirmed.

---

[2] The Board took "administrative notice" that the director had awarded claimant a penalty for employer's late payment of temporary disability compensation.