Argued and submitted January 25, reversed in part; otherwise affirmed
May 24, petition for review denied September 26, 1995 (322 Or 167)

In the Matter of the Compensation of
Ryan F. Johnson, Claimant.
SAFEWAY STORES, INC.,
*Petitioner,*

*v.*

Ryan F. JOHNSON,
*Respondent.*

(WCB 93-02394; CA A84056)

895 P2d 811

Kenneth L. Kleinsmith argued the cause for petitioner. With him on the brief was Meyers, Radler, Replogle & Bohy.

G. Duff Bloom argued the cause for respondent. With him on the brief was Coons, Cole, Cary & Wing, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board that awarded permanent partial disability to claimant and a penalty and attorney fee. We affirm in part and reverse in part.

Claimant's work involved frequent exposure to low temperatures. After a few years on the job, he suffered a work-related worsening of his underlying Raynaud's Phenomenon, which, until that time, had been asymptomatic. Employer contested the compensability of claimant's condition. We affirmed the Board's order, in which it held that claimant had a compensable worsening of an occupational disease. *Safeway Stores, Inc. v. Johnson*, 129 Or App 147, 877 P2d 679 (1994). Later, employer issued a notice of closure that did not provide for scheduled permanent partial disability (PPD). Claimant sought reconsideration and the appointment of a medical arbiter. On reconsideration, the Department of Consumer and Business Services awarded claimant 63 percent scheduled PPD. *See* OAR 436-35-110(7)(d).

Employer appealed the PPD award. Next, employer issued a "partial denial" of that award, asserting that the award constituted a claim for benefits. Claimant cross-appealed the partial denial. The referee affirmed the award of PPD, awarded claimant a prevailing party attorney fee, set aside the partial denial and assessed a penalty. Employer sought review and the Board affirmed, in part.[1]

■ Employer requests review of the Board's order. Its first assignment is that the Board erred in concluding that claimant has a work-related permanent partial disability. Employer argues that the Board erroneously interpreted its first order, in which employer asserts the Board found only that claimant's *symptoms* were compensable. From that premise, it contends that claimant is not entitled to PPD, because he currently has no work-related symptoms.

---

[1] The Board reversed a part of the referee's order that awarded an attorney fee based on the referee's conclusion that employer's partial denial was unreasonable. *See* ORS 656.382(1). Claimant does not cross-petition to raise that issue.

The Board's first order said, in part:

"Based on the medical evidence in this case, we find that claimant has Raynaud's Phenomenon, an idiopathic underlying condition which results in vasospasms of the small blood vessels that * * * [cause] pain and discoloration of the hands and fingers. The vasospasms are triggered by stimuli such as cold exposure and emotional distress; however, those stimuli do not affect the underlying hyperactivity of the phenomenon itself. The vasospasms and resulting symptoms are the only manifestations of the phenomenon. Prolonged exposure to triggering stimuli can cause permanent tissue damage.

"[There is medical evidence] that Raynaud's Phenomenon is a predisposition which is not necessarily symptomatic until there is harmful exposure * * *.

"Based on this record, we conclude that claimant was disabled and required treatment for symptoms which are the only manifestations of Raynaud's Phenomenon. Therefore, we find that claimant's symptoms *are* the disease for purposes of ORS 656.802." (Emphasis in original.)

In its later order, in which it upheld the award of PPD, the Board said:

"In our prior order, we found that claimant has Raynaud's Phenomenon, an [idiopathic], underlying condition. We also found that, for the purposes of establishing compensability under ORS 656.802, the symptoms of Raynaud's Phenomenon were the disease. We relied on [medical evidence] that claimant's cold exposure at work was the major contributing cause of the Raynaud's symptoms, to find the claim compensable. Thus, although Raynaud's Phenomenon is only manifested through symptoms, *any impairment caused by the symptoms is due to claimant's compensable occupational disease.*" (Emphasis supplied.)

We find nothing contradictory in the language of those two orders. The Board's first order held that claimant was entitled to compensation for a work-related worsening of his Raynaud's Phenomenon. In its second order, the Board found that, although claimant's particular symptoms had abated, he suffered permanent partial impairment as a result of those

symptoms. That finding is supported by substantial evidence.[2] The Board did not err in affirming the award of PPD to claimant.

■ Employer's next assignment is that the Board erred in assessing an attorney fee under ORS 656.386(1),[3] which provides, in part, that where the employer denies the claim, if the claimant finally prevails in a hearing before the referee or on appeal to the Board, then the referee or Board must allow a reasonable attorney fee. Employer essentially argues that no basis exists for an award of attorney fees under ORS 656.386(1), because its partial denial was a nullity. We agree.

■ The right to attorney fees under ORS 656.386(1) "is predicated on the existence of a 'claim for compensation * * *.' " *SAIF v. Allen*, 320 Or 192, 201, 881 P2d 773 (1994). A claim for compensation includes a written request for compensation for medical services or a compensable, work-related injury. ORS 656.005(6), (8); *Allen*, 320 Or at 201. Here, employer contested the compensability of claimant's worsening of an occupational disease. Claimant prevailed. Later, employer issued a notice of closure on that claim. Claimant contested that notice, because it did not award him PPD. On reconsideration, he received an award of PPD.

Employer requested a hearing to contest that award. It then sent claimant a "partial denial," in which employer said that it considered the award of scheduled permanent partial disability to be a claim for benefits. An award of PPD *is* compensation; it is *not* a written request for compensation.

---

[2] Employer, in its first assignment, also argues that if there is no basis on which to award PPD to claimant, then claimant is not entitled to a penalty under ORS 656.268(4)(g) and to a reasonable attorney fee under ORS 656.382(2). Because of our disposition of the issue of claimant's entitlement to PPD, we need not address that argument.

[3] ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed. Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

ORS 656.005(8). That employer mischaracterized the nature of the award is irrelevant, because "[w]here the only compensation issue on appeal is *the amount of compensation or the extent of disability*, * * * ORS 656.386(1) is not the applicable attorney fee statute * * *." *Short v. SAIF*, 305 Or 541, 545, 754 P2d 575 (1988). (Emphasis supplied.) *See also Allen*, 320 Or at 204 (ORS 656.386(2) controls the payment of attorney fees in cases in which the referee awards additional compensation for PPD).

When the Board affirmed the award of PPD, claimant prevailed on the issues of the extent of his disability and the amount of compensation. Because claimant did not have a claim for compensation pending, the predicate for an award of attorney fees under ORS 656.386(1) did not exist. Accordingly, we conclude that the Board erred in awarding claimant attorney fees under ORS 656.386(1).

Award of attorney fees under ORS 656.386(1) reversed; otherwise affirmed.