Argued and submitted June 26, 1997, affirmed April 29, petitioner's petition for reconsideration filed May 13 allowed by opinion July 15, 1998
See 155 Or App 21, _____ P2d _____ (1998)

In the Matter of the Compensation of
Anette D. Batey, Claimant.

SAIF CORPORATION
and Blue Cross/Blue Shield of Oregon,
*Petitioners,*

*v.*

Anette D. BATEY,
*Respondent.*

(WCB No. 95-12921; CA A95030)

957 P2d 195

David L. Runner, Appellate Counsel, argued the cause and filed the brief for petitioners.

Kimberley Chaput argued the cause for respondent. On the brief were Gregory A. Bunnell and Pozzi, Wilson, & Atchison.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

## DEITS, C. J.

SAIF seeks review of a Workers' Compensation Board order awarding claimant a 25 percent penalty under ORS 656.262(11)(a), and attorney fees under ORS 656.382(1) (1995) and ORS 656.386(1) (1995). We affirm.

In October 1994, claimant sought treatment for pain in her right wrist and arm. In November 1994, she filed a workers' compensation claim alleging an injury date of September 28, 1994. SAIF accepted her claim for "overuse syndrome" as nondisabling. In August 1995, claimant requested that SAIF reclassify the claim to disabling on the ground that she had become entitled to temporary disability compensation. SAIF responded by letter, informing claimant that she would have to file a claim for an aggravation, which she did in September 1995. In November 1995, SAIF issued an aggravation denial on the ground that claimant's condition had not worsened. On November 22, 1995, SAIF stopped paying temporary disability benefits, which had been authorized through December 4, 1995.

Claimant requested a hearing on SAIF's denial and sought penalties and attorney fees. Before the hearing was held, SAIF determined that it should not have treated claimant's request for reclassification as an aggravation claim because the request was filed within one year of claimant's date of injury. As SAIF acknowledged, under ORS 656.277 (1995),[1] it should have either reclassified the claim as disabling or referred it to the Director pursuant to ORS 656.268 (1995). Consequently, SAIF advised claimant that it was withdrawing its aggravation denial as a "procedural nullity" and that it would reclassify the claim as disabling.

---

[1] ORS 656.277 provides:

"Claims for nondisabling injuries shall be processed in the same manner as claims for disabling injuries, except that:

"(1) If within one year after the injury, the worker claims a nondisabling injury originally was or has become disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim, shall report the claim to the Director of the Department of Consumer and Business Services for determination pursuant to ORS 656.268.

"(2) A claim that a nondisabling injury originally was or has become disabling, if made more than one year after the date of injury, shall be made pursuant to ORS 656.273 as a claim for aggravation."

A hearing was held on the issues of penalties and attorney fees. The ALJ awarded claimant a penalty for SAIF's "unreasonable resistance to the payment of compensation" based on SAIF's termination of claimant's temporary disability benefits from November 14, 1995, through December 4, 1995. However, the ALJ denied claimant's request for a penalty for SAIF's failure to process the reclassification claim properly, concluding that "by virtue of the lack of processing, no amounts are due claimant [because] there is nothing upon which penalties can attach * * * even though defendant failed to process the request to reclassify." The ALJ also denied claimant's request for attorney fees under ORS 656.382(1), and ORS 656.386(1).

Claimant sought Board review. The Board affirmed the penalty but reversed the ALJ on the issue of attorney fees, awarding attorney fees of $1,000 under ORS 656.382(1) and $1,000 under ORS 656.386(1). The Board concluded that SAIF's failure to process claimant's reclassification request involved a violation of ORS 656.277 and that its termination of temporary disability payments violated ORS 656.262. It concluded that, because SAIF's error in processing the reclassification request was a separate event from SAIF's termination of temporary disability benefits, an award of attorney fees under ORS 656.382(1) in addition to the penalty under ORS 656.262(11)(a) was appropriate. The Board also awarded claimant attorney fees under ORS 656.386(1) concluding that there was a "denied" claim when SAIF issued its denial of the aggravation claim and that SAIF "rescinded" the denial before hearing when it "withdrew" the denial.

■■ SAIF assigns error to the Board's award of attorney fees under ORS 656.382(1)[2] and ORS 656.386(1).[3] With

[2] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of an Administrative Law Judge, board or court, or otherwise unreasonably resists the payment of compensation, except as provided in ORS 656.385, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

[3] ORS 656.386(1) provides, in part:

"In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed."

respect to the award of fees under ORS 656.382(1), SAIF argues that the Board erred in awarding both a penalty under ORS 656.262(11)(a)[4] and an attorney fee under ORS 656.382(1).[5] SAIF notes that under ORS 656.262-(11)(a), a penalty for unreasonable resistance to the payment of compensation is to be paid "in lieu of an attorney fee." SAIF then asserts that in *Corona v. Pacific Resource Recycling*, 125 Or App 47, 865 P2d 407 (1993), this court held that when a penalty is awarded under the equivalent to ORS 656.262(11)(a) (1995), an attorney fee may not be awarded under ORS 656.382(1) (1993) unless there are "two separate acts of misconduct, one of which would not support a penalty[.]" *Id.* at 50. SAIF contends that there was only one act of misconduct here and that, therefore, only the penalty may be imposed. It explains:

> "All of SAIF's actions in this case flowed directly from its initial mistake in treating claimant's request for reclassification as a claim for aggravation. The initial mistake was the only reason SAIF issued an aggravation denial and ceased paying temporary disability compensation. Had the initial action been correct, all of SAIF's actions, including its termination of claimant's temporary disability compensation, would have been proper."

SAIF's recitation of the applicable law is correct. A penalty under ORS 656.262(11)(a) is awarded "in lieu of an attorney fee." Misconduct that is subject to a penalty cannot

---

[4] ORS 656.262(11)(a) provides, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due. *Notwithstanding any other provision of this chapter*, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount described in this subsection. The entire additional amount shall be paid to the worker if the worker is not represented by an attorney. If the worker is represented by an attorney, the worker shall be paid one-half the additional amount and the worker's attorney shall receive one-half the additional amount, *in lieu of an attorney fee*." (Emphasis supplied.)

[5] SAIF does not challenge the penalty imposed for its termination of claimant's temporary disability benefits.

also be the basis for an attorney fee under ORS 656.382(1). *Oliver v. Norstar, Inc.*, 116 Or App 333, 336, 840 P2d 1382 (1992). Further, if there are two separate acts of misconduct, one of which would not support a penalty, attorney fees may be awarded in addition to a penalty. *Corona*, 125 Or App at 50.

The critical question here is whether substantial evidence supports the Board's conclusion that SAIF's actions amounted to two separate acts of misconduct. SAIF acknowledges that it made two mistakes. First, it failed to process claimant's reclassification request correctly in August 1995. Second, it improperly terminated claimant's temporary disability benefits in November 1995. However, as discussed above, it is SAIF's position that these acts are not separate acts of misconduct because its second mistake "flowed directly from its initial mistake."

■ While it may be true that, "but for" its first mistake, SAIF would not have made the second, it does not automatically follow that SAIF's actions should not be considered separate acts of misconduct for purposes of the statute. This is not a case, such as *Britton v. Board of Podiatary Examiners*, 53 Or App 544, 632 P2d 1273, *rev den* 292 Or 109 (1981), and *Jensen v. Board of Dental Examiners*, 53 Or App 50, 630 P2d 912 (1981), on which SAIF relies, where a single act of misconduct is being converted into two or more acts of misconduct by affixing different labels to the act. Here, as the Board found, although SAIF's second act of improperly terminating benefits may not have occurred "but for" its initial mistake, SAIF's actions involved separate processing requirements. SAIF's mishandling of the reclassification request was a separate act from the termination of benefits in November 1995. Consequently, because SAIF's conduct in misprocessing the reclassification request in August did not subject it to a penalty and because, as we concluded above, this was a separate act of misconduct, the Board did not err in awarding claimant attorney fees under ORS 656.382(1).

■ SAIF next argues that the Board erred in awarding attorney fees under ORS 656.386(1). The Board concluded

that when SAIF issued its aggravation denial, there was a "denied claim" and that SAIF rescinded the denial before the hearing when it withdrew the denial.

SAIF argues that there was no "denied claim" for purposes of the statute here, because it did not assert that claimant's condition was not compensable. SAIF explains:

> "[T]he aggravation denial in this case did not result in a 'denied claim' within the meaning of ORS 656.386(1). ORS 656.386(1) defines a 'denied claim' as one in which the insurer or self-insured employer asserts that the claimant's condition is 'not compensable or otherwise does not give rise to an entitlement to any compensation.' SAIF's aggravation denial did not assert that claimant's condition was not compensable, only that the compensable condition had not worsened."

SAIF, however, raises this argument for the first time on judicial review. Consequently, we do not address it.

SAIF also argues that, even assuming that its withdrawal of the denial of the aggravation claim was a "denied claim" under ORS 656.386(1), the Board erred in concluding that SAIF rescinded the denial. SAIF asserts, relying in part on our decision in *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *modified on recons* 108 Or App 230, 814 P2d 558 (1991), that a " 'rescission of a denial' occurs only when the denial is withdrawn *and* the previous claim is accepted." (SAIF's emphasis.)

*Jones* does not aid SAIF. As an initial matter on reconsideration, this court withdrew its first opinion. The modified opinion dealt with an amendment to ORS 656.386(1) that predates the current version of that statute. The language on which attorney fees are based in this case was added in 1995. ORS 656.386(1) now provides that attorney fees are to be awarded where "an attorney is instrumental in *obtaining a rescission of the denial* prior to a decision by the Administrative Law Judge[.]" The change in the language eliminated the requirement that the attorney assist in obtaining compensation and replaced it with language requiring that the attorney be instrumental in obtaining a rescission of a denial. Compensation is no longer the focus of that portion of the statute. Instead, the focus is on obtaining

a rescission of a denial. Accordingly, our decision in *Jones* did not resolve the question presented here.

To ascertain the meaning of the statute, we first look to its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The term "rescission" is not defined in the statute. "Rescind," the root word for "rescission," is defined in the dictionary as

> "1: to do away with: take away: remove * * * 2a: to take back: ANNUL, CANCEL * * * b: to abrogate (a contract) by tendering back or restoring to the opposite party what one has received from him * * * 3: to vacate or make void (as an act) by the enacting or a superior authority: REPEAL * * *." *Websters Third New Dictionary*, 1930 (unabridged ed 1993).

As can be seen from this definition, a rescission does not require replacing that which has been rescinded with something else. It is simply the act of doing away with, taking away or removing something.

In addition, there is nothing in the text or context of the statute that imposes a requirement that anything must be given in exchange for a rescission to have occurred. We conclude that it is not necessary that a rescission of a denial be accompanied by an acceptance of the denied claim in order for attorney fees to be awarded under ORS 656.386(1).

We also conclude that the Board was correct in holding that there was a "rescission" of a denied claim here. SAIF did not discover its mistake until after it had issued a denial. Upon making that discovery, it withdrew, or "took back" the denial. That action satisfies the requirement of ORS 656.386(1).[6] The Board properly awarded attorney fees to claimant under ORS 656.386(1) for her attorney's assistance in obtaining a rescission of the denial of the aggravation claim.

Affirmed.

---

[6] SAIF argues that, if we hold that what occurred here was a rescission of a denial, insurers will be encouraged to take claims to hearings rather than simply correct clerical errors, which it asserts, and we agree, would be inefficient and costly. However, such an outcome is not mandated by our decision today. If SAIF had discovered its error before issuing the denial, claimant would not have been entitled to attorney fees.