On petitioners' petition for reconsideration filed May 13, petition for reconsideration allowed; opinion (153 Or App 634, 957 P2d 195 (1998)) adhered to July 15, 1998, petition for review denied February 23, 1999 (328 Or 330)

In the Matter of the Compensation of
Anette D. Batey, Claimant.

SAIF CORPORATION
and Blue Cross/Blue Shield of Oregon,
*Petitioners,*

*v.*

Anette D. BATEY,
*Respondent.*

(WCB No. 95-12921; CA A95030)

963 P2d 732

David L. Runner for petition.

Meagan A. Flynn, *contra*.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

SAIF petitions for reconsideration of our opinion in *SAIF v. Batey*, 153 Or App 634, 957 P2d 195 (1998), in which we affirmed the Workers' Compensation Board's award of claimant's attorney fees under ORS 656.382(1) and ORS 656.386(1). SAIF argues that we failed to address one of its arguments, that we applied an incorrect standard of review on one of its assignments of error and that we incorrectly stated its position in that assignment of error.

SAIF first asserts that we did not address its contention, in support of its claim that the Board erred in awarding attorney fees under ORS 656.386(1), that the aggravation claim was a legal nullity and that, therefore, no attorney fees could attach to its "denial" of the claim. Although we impliedly rejected SAIF's argument on this point in our earlier opinion, SAIF is correct that we did not directly address that argument.

As on appeal, in its petition for reconsideration, SAIF points to ORS 656.277 and *Safeway Stores, Inc. v. Johnson*, 134 Or App 432, 895 P2d 811, *rev den* 322 Or 167 (1995), to support its argument. ORS 656.277 provides, in part:

"Claims for nondisabling injuries shall be processed in the same manner as claims for disabling injuries, except that:

"(1) If within one year after the injury, the worker claims a nondisabling injury originally was or has become disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim, shall report the claim to the Director of the Department of Consumer and Business Services for determination pursuant to ORS 656.268.

"(2) A claim that a nondisabling injury originally was or has become disabling, if made more than one year after the date of injury, shall be made pursuant to ORS 656.273 as a claim for aggravation."

SAIF argues that the mandatory nature of the language in the statute means that it is legally impossible to file

a valid claim for an aggravation until more than one year after the date of disability. We agree that a claim for an aggravation filed before one year has passed is not a valid claim under ORS 656.277. However, it does not necessarily follow that the act of filing an aggravation claim within one year is a legal nullity for all purposes. Nothing in ORS 656.386(1) indicates that the claim must eventually be determined to be valid in order for penalties to attach. *Safeway Stores* does not require otherwise. In *Safeway Stores*, we held that where no *claim for compensation* had been filed, the denial issued by the employer was a legal nullity. We emphasized that the award of partial permanent disability, on which the employer based its denial, was not a claim for compensation. *Safeway Stores*, 134 Or App at 436. A claim for compensation includes a "written request for compensation." *Id.* Here, there *was* a written request for compensation. Accordingly, the Board did not err in awarding fees on the denial of the aggravation claim.

■ Next, SAIF argues that we misstated its assertion that the Board erred in concluding that SAIF had committed two separate acts of misconduct for purposes of awarding a penalty under ORS 656.262(11) as well as awarding attorney fees under ORS 656.382(1). SAIF points out that we stated that it "acknowledges that it made two mistakes." On reconsideration, we agree that that sentence is not a completely accurate statement of SAIF's position. It was SAIF's position that there was *one* act that constituted a mistake, but that all "actions flowing from the original mistake [were] components of that mistake[.]" However, for the reasons explained in the earlier opinion and here, we continue to reject SAIF's argument.

SAIF also argues that we articulated an incorrect standard of review in our discussion of its first assignment of error. It bases that assertion on our comment that "[t]he critical question here is whether substantial evidence supports the Board's conclusion that SAIF's actions amounted to two separate acts of misconduct." 153 Or App at 639. SAIF claims that our reference to "substantial evidence" in the first part of the sentence "reflects that the court viewed itself as reviewing a finding of fact," which it contends is incorrect. However, contrary to SAIF's assertions, the court properly understood

the standard of review. As noted above, on appeal, SAIF argued that it made one initial mistake and that all actions that flowed from that mistake were part and parcel of the "original" mistake, rather than two separate mistakes. In essence, its argument required the Board to decide, as a factual matter, whether there was only one act that could be determined to be an act of misconduct or whether there were two discrete acts, each of which could be determined to be an act of misconduct, as claimant claimed. The Board determined, as a finding of fact, that there were two separate acts. It then concluded, as a matter of law, that those two acts each represented a discrete act of misconduct upon which a penalty could attach. We reviewed the Board's findings of fact, that there were two separate acts, for substantial evidence in the record and we then reviewed the Board's conclusion of law, that the two acts were each acts of misconduct upon which penalties could attach, for error of law. We found no error on either point, and we adhere to our holding.

Petition for reconsideration allowed; opinion adhered to.