Argued and submitted March 3, affirmed on petition and cross-petition
May 21, 1997

SAFEWAY STORES, INC.,
*Petitioner - Cross-Respondent,*

*v.*

Charles D. CORNELL,
*Respondent - Cross-Petitioner,*

*and*

DEPARTMENT OF CONSUMER and
BUSINESS SERVICES,
*Respondent.*

(H95-161; CA A93608)

939 P2d 99

Kenneth L. Kleinsmith argued the cause for petitioner - cross - respondent. With him on the briefs were Stephanie S. Andrus and Meyers, Radler, Replogle & Bohy.

Karen Stolzberg argued the cause for respondent - cross-petitioner. With her on the brief was Goldberg & Mechanic.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a decision of the Director of the Department of Consumer and Business Services (the Director) ordering employer to reimburse claimant $69.70 that he spent in taxi fares for transportation to medical appointments. Claimant cross-petitions, seeking employer-paid attorney fees for having prevailed on that issue. We affirm on the petition and the cross-petition.

Claimant, who is in his early 70's, was compensably injured in 1992 while working for employer. At the original claim closure in 1994, he was awarded permanent partial disability for a 37 percent impairment to his lower back. Shortly afterwards, employer re-opened his claim for an aggravation. Claimant received treatment for that aggravation at a hospital that is five to six miles from his home. He does not drive or own a car and cannot always get rides from family or friends. Taking the bus to the hospital involves a transfer in each direction and walking several blocks, including three uphill blocks between the hospital and the bus stop. Although claimant is able to walk on level ground, he uses a cane and must rest frequently because of back and leg pain. He is much more tentative on a slope, and walking uphill causes pain in his lower extremities.

Claimant at first took the bus to the hospital, but, because of his difficulty walking, he began using taxis at least part of the time. He took a taxi both directions for two appointments in December 1994 and April 1995 and to return home from an appointment in January 1995. He submitted the receipts to employer for reimbursement; employer responded that it would pay only 22 cents per mile. Claimant challenged that decision before the Medical Review Unit of the Workers' Compensation Division, which ordered employer to reimburse the full expenses claimed. Employer sought a hearing before the Director, who affirmed the decision and denied claimant's request for attorney fees.[1]

---

[1] An administrative law judge (ALJ) conducted the hearing and issued a Proposed and Final Contested Case Order. The Director thereafter issued a Final Order that discussed only the issue of attorney fees. That was the only portion of the ALJ's order that either party challenged before the Director. The Director's order, thus, consists of the ALJ's Order, supplemented by the Director's Final Order.

ORS 656.245(1)(a) requires insurers and self-insured employers to provide medical services for conditions caused in material part by compensable injuries. ORS 656.245(1)(b) provides that compensable medical services include "medical, surgical, hospital, nursing, ambulances and other related services * * *." The Workers' Compensation Board has held that transportation to medical appointments is a "related service" under this statute, and employer does not question that conclusion. *Former* OAR 436-10-100(12), which applies to this case, required insurers[2] to reimburse workers "for actual and reasonable costs for travel * * * in accordance with [*former*] OAR 436-60-070." *Former* OAR 436-60-070(2) provided:

> "Reimbursement of the costs of meals, lodging, public transportation and use of a private vehicle reimbursed at the rate of reimbursement for State of Oregon classified employes complies with this section. Reimbursement may exceed these rates where special transportation or lodging is needed."

At the time of claimant's medical appointments, the reimbursement rate for classified state employees for use of a private vehicle was 22 cents per mile. The Workers' Compensation Division had not established specific rates for the use of public transportation.

The Director held that the 22-cent rate applied only to the use of private vehicles, not to public transportation. As to public transportation, the only issue was whether the cost was actual and reasonable. He determined that a taxi fare can be actual and reasonable even if there is no need for special transportation and found that the amounts that claimant sought were actual charges for transportation, except for a $2 tip that he disallowed. He then found that the use of a taxi was reasonable in each instance in light of claimant's age, medical limitations, circumstances, and the requirements for multiple transfers and strenuous walking related to bus travel.

On review, employer argues that 22 cents per mile is the only rate that a claimant may receive without showing

---

[2] In this context insurers include self-insured employers.

special circumstances. "Because no specific rate is listed for public transportation, reimbursement for this mode of travel must necessarily be made using the rate for private vehicle travel." It also argues that the Director's order would allow a claimant to use any method of transportation that the claimant wished, requiring the employer to pay the actual cost, whatever it might be, so long as the cost was reasonable for the kind of service provided. Employer misunderstands both the rules and the Director's order.

■      First, *former* OAR 436-60-070 listed a number of kinds of expenses that an insurer must pay. The reference to the rate of reimbursement for classified state employees immediately follows the reference to use of a private vehicle. It is reasonable to construe that reference as applying only to the use of private vehicles; it would be unusual, for instance, to provide for payment of public transportation, such as a bus, on a mileage basis rather than by the actual fare charged. That is how the Director construed the rule, and his construction is, at the least, plausible. It has not been shown to be inconsistent with the wording of the rule, the context of the rule, or any other principle of law. Thus, under *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994), we cannot overrule the Director's construction. *See also Dunning v. Corrections Facilities Siting Authority*, 325 Or 269, 277 n 4, 935 P2d 1209 (1997) (deference applies "only when the body interpreting the rule also is the body that promulgated it").

Secondly, the Director's order does not permit claimant to use taxis simply because claimant feels like doing so. The rule requires reimbursement only for "actual and *reasonable*" costs of travel. In his order, the Director carefully considered the evidence of claimant's physical condition, of his inability to drive or be driven, and of the problems that he would face if he took a bus. Based on that evaluation, he concluded that the use of a taxi was reasonable in each instance. It is clear from that discussion that the Director construed the rule as requiring *both* a showing that the actual cost was reasonable *and* that it was reasonable for a claimant to use the particular mode of transportation in question. Implicit in the order is the conclusion that, although it was reasonable for *this* claimant, with his specific circumstances, to use taxis,

it would not necessarily be reasonable for *another* claimant in other circumstances to do so.

■ We turn to the cross-petition, in which claimant argues that he is entitled to employer-paid attorney fees under either ORS 656.386(1) or ORS 656.385 for having prevailed on this claim. Because those statutes provide for employer-paid fees only in certain situations, we must decide whether this case is of a kind that they cover. ORS 656.386(1) provides for attorney fees where the claimant finally prevails on a denied claim. It defines a "denied claim" as

> "a claim for compensation which an insurer or self-insured employer refuses to pay on the express ground that the injury or condition for which compensation is sought is not compensable or otherwise does not give rise to an entitlement to any compensation."

Employer does not deny that claimant's injury is compensable or that it gives rise to an entitlement to compensation; rather, it disputes the amount to which claimant is entitled for the expenses of travel for treatment of his injury. This dispute does not come within the express language of the statute.[3]

ORS 656.385 provides for attorney fees when the claimant prevails in disputes over compensation pursuant to ORS 656.245, ORS 656.260, ORS 656.327, or ORS 656.340. It does not provide for fees when the claimant prevails in a dispute pursuant to ORS 656.248. Claimant argues that this case involves a dispute pursuant to ORS 656.245; employer and the Department of Consumer and Business Services respond that this is a dispute pursuant to ORS 656.248.

ORS 656.245 describes the medical services to which an injured worker is entitled. ORS 656.245(6) provides for review by the Director when "*a claim for medical services is disapproved* for any reason other than the formal denial of the compensability of the underlying claim and this disapproval is disputed * * *." (Emphasis supplied.) ORS 656.248

---

[3] The legislature entirely rewrote ORS 656.386 in 1995. Or Laws 1995, ch 332, § 43. The discussion of the previous version in *SAIF v. Allen*, 320 Or 192, 881 P2d 773 (1994), does not apply to this case.

requires the Director to establish rules concerning fee schedules for medical services. ORS 656.248(13) provides that, notwithstanding any other provision of the Workers' Compensation Law, the Director shall decide disputes "regarding either *the amount of the fee* or nonpayment of bills for compensable medical services * * *." (Emphasis supplied.) In this case, employer does not deny that claimant is entitled to reimbursement of his transportation expenses. Rather, it disputes the proper amount of that reimbursement. Employer did not disapprove the claim but attempted to pay it at a lower amount than claimant believed to be correct. Its action, thus, raised an issue under ORS 656.248(13) but did not raise an issue under ORS 656.245(6). There is no statutory basis for an award of attorney fees under that kind of dispute, and the Director did not err in declining to allow any fees.

Affirmed on petition and cross-petition.