Argued and submitted February 24, affirmed June 11, 1997

In the Matter of the Compensation of
Emily M. Bowman, Claimant.
KIMBERLY QUALITY CARE,
*Petitioner,*

*v.*

Emily M. BOWMAN,
*Respondent.*

(WCB 95-09511; CA A93880)

939 P2d 629

Jerald P. Keene argued the cause and filed the brief for petitioner.

Dale C. Johnson argued the cause for respondent. With him on the brief was Malagon, Moore, Johnson & Jensen.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

### RIGGS, P. J.

Employer seeks review of an order of the Workers' Compensation Board affirming an order of an administrative law judge (ALJ) and holding that claimant is entitled to an assessed attorney fee pursuant to ORS 656.386(2) for having obtained a rescission of the denial of a claim for two conditions after the filing of a request for hearing but before the hearing had been held. We conclude that the Board was correct in awarding the fee and affirm.

In January 1993, claimant filed a claim for injuries to her low back and right foot. The medical notes diagnosed right foot and ankle conditions, and made no mention of the low back. Employer accepted the claim for "right ankle sprain; right foot sprain," in March 1993. Claimant's doctors began reporting treatment for low back strain and also diagnosed right foot plantar fasciitis. Employer paid those bills under the original claim but did not accept or deny either condition.

In August 1995, claimant's counsel wrote to employer asking that the low back condition and plantar fasciitis be formally added to the accepted claim. On that same day, he filed a request for hearing based on a *de facto* denial of those conditions. On September 22, 1995, employer submitted a form "Response to Issues" raised by the request for hearing, containing a check-the-box notation that claimant had sustained no work-related injury or disease. On October 17, 1995, employer's workers' compensation carrier responded to claimant's August 21, 1995, letter by amending its previous acceptance to incorporate both the low back strain and the plantar fasciitis.

On November 17, 1995, a hearing was held on claimant's request for hearing. The only issue was the assessment of attorney fees. Employer agreed to the assessment of an attorney fee based on inclusion of the low back strain, but objected to the fee based on the plantar fasciitis condition. The ALJ assessed a separate fee for each under ORS 656.386(1), on the ground that claimant's attorney had been instrumental in obtaining acceptance of claimant's low back condition and plantar fasciitis.

The Board affirmed the ALJ, holding that the plantar fasciitis had been a denied claim under ORS 656.386(1), and that attorney fees were authorized by the statute. As amended by the legislature in 1995, ORS 656.386(2) provides for an assessed fee "in all cases involving denied claims * * * where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge." For the purposes of that section,

> "a 'denied claim' is a claim for compensation which an insurer or self-insured employer refuses to pay on the express ground that the injury or condition for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to any compensation."

The Board found that employer's check-the-box notation on the hearing response form was a denial with respect to the conditions that had not yet been accepted, *i.e.*, the low back and plantar fasciitis. The Board's finding is supported by substantial evidence. Further, we agree with the Board's conclusion that claimant's attorney was instrumental in obtaining an acceptance of the claim. We reject employer's suggestion that the claim had not been denied because there had been no refusal to pay compensation. Although employer had not refused to pay compensation up to the time claimant put the compensability of the conditions at issue, its notation on the response form was an express denial of the conditions on the ground that they were not related to the employment. It carried with it an implicit refusal to pay compensation in the future. Employer's argument is dependent on its underlying assumption that the conditions had been denied *de facto*; that was the case until employer's response to the request for hearing. Although the check-the-box notation did not satisfy the requirements for a denial set forth in ORS 656.262(9), it nonetheless unequivocally expressed employer's denial of compensability. When an express denial of compensability is rescinded and the claimant's attorney is instrumental in obtaining the rescission, ORS 656.386(2) provides for an award of attorney fees.

Affirmed.