Argued and submitted June 12, affirmed October 1, 1997

In the Matter of the Compensation of
Robert W. Stephenson, Claimant.

Robert W. STEPHENSON,
*Petitioner,*

*v.*

Larry MEYER;
Helen Meyer; and Country Companies,
*Respondents.*

(Agency No. 95-06940; CA A95935)

945 P2d 1114

Dale C. Johnson argued the cause for petitioner. With him on the brief was Malagon, Moore, Johnson & Jensen.

John E. Pollino argued the cause for respondents. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Claimant seeks review of an order of the Workers' Compensation Board (Board) that denied claimant's request for employer-paid attorney fees after the Board ruled in claimant's favor by setting aside employer's denial of a claim as premature.

Claimant filed a claim for symptoms that he attributed to an on-the-job exposure to pesticide spray. While the claim was being processed,[1] his employer's insurer sent claimant a letter regarding a supposed condition that was not part of his claim. The letter said, in part:

> "Medical information recently received concludes that your mild obstructive airway disease, and any current obstruction, is entirely consistent with your underlying problems of longstanding reactive airway disease with intermittent exacerbations, and in no way can be construed to represent a permanent injury related to the inhalation/spray exposure of June 6, 1992. Therefore we must issue this partial denial of your current condition and of any permanent impairment associated with it as your work exposure was not the major cause."

Based on the insurer's letter, claimant requested a hearing. At the hearing, he contended that the letter constituted the denial of a claim and that the denial was premature because no claim had ever been filed for the condition described in the letter. The administrative law judge (ALJ) agreed with claimant's argument and awarded claimant attorney fees pursuant to ORS 656.386(1). The insurer sought review. The Board, on review and by order on reconsideration, upheld the ALJ's analysis regarding the denial of a claim but held that claimant was not entitled to attorney fees, reasoning that claimant "received no benefit as a result of our decision that the carrier's denial was a nullity because there was no 'claim' to deny."

In his petition for review to this court, claimant contends that under ORS 656.386(1) he is entitled to attorney fees as a matter of law because he prevailed in the setting

---

[1] Claimant subsequently withdrew his original claim.

aside of a prematurely denied claim. He concedes that if the statutory definition of the word "claim" in ORS 656.005(6) is applicable to ORS 656.386(1), the Board's order denying him attorney fees is correct because no "written request for compensation" was ever made. However, citing ORS 656.003, claimant argues that, in the context of ORS 656.386(1), the phrase "denied claim" "must be read broadly enough to allow attorney's fees * * * when insurers force litigation by issuing a formal expressed denial without first having received a claim."

Employer argues that "a 'claim' is required before any award of attorney fees can be made pursuant to ORS 656.386(1)," and that, because claimant made no claim for the condition described in the letter, the Board properly denied attorney fees.

■ Unless specifically authorized by statute, the Board has no authority to award attorney fees, even though an inequity could result. *Forney v. Western States Plywood*, 297 Or 628, 632, 686 P2d 1027 (1984); *see also Safeway Stores, Inc. v. Cornell*, 148 Or App 107, 939 P2d 99 (1997) (holding that even though claimant prevailed in his request to be reimbursed for taxi fares to medical appointments, no statutory basis for an award of attorney fees existed). ORS 656.386(1) provides, in part:

> "In such cases involving denied claims where the *claimant* prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. * * * For purposes of this section, *a 'denied claim' is a claim for compensation which an insurer or self-insured employer refuses to pay on the express ground that the injury or condition for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to any compensation.*" (Emphasis supplied.)

ORS 656.003 provides:

> "Except where the context otherwise requires, the definitions given in this chapter govern its construction."

ORS 656.005(6) provides, in part:

> " 'Claim' means a written request for compensation from a subject worker or someone on the worker's behalf[.]"[2]

■ Our task in interpreting a statute is to discern the intent of the legislature. Our first level of inquiry is to examine the text and context of the statute and, if the legislature's intent is clear from that examination, no further inquiry is necessary. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Under ORS 656.005(6), a "claim" is a "written request for compensation." A "denied claim" under ORS 656.386(1) is *a claim for compensation* which an insurer or self-insured employer *refuses to pay* * * *." (Emphasis supplied.) The legislature's intent is clear. In context, a "denied claim" is an insurer's refusal to pay in response to a written request for compensation. *See SAIF v. Allen*, 320 Or 192, 201, 881 P2d 773 (1994) (The term "claimant" in * * * ORS 656.386(1) indicates that a "claim" is a prerequisite to the recovery of a fee award.); *Safeway Stores, Inc. v. Johnson*, 134 Or App 432, 436, 895 P2d 811 (1995) (The right to attorney fees under ORS 656.386(1) "is predicated on the existence of a 'claim for compensation * * *.' ").[3] (Citation omitted.)

The rest of the text of ORS 656.386(1) is also clear. The statute limits the Board's authority to award attorney fees to claimants in cases where (1) there is a request for compensation; (2) the request for compensation is denied; and (3) the claimant prevails finally against the refusal to pay compensation as requested. Therefore, because no claim was ever made in this case as defined by ORS 656.005(6), the legal predicate for an award of attorney fees under ORS 656.386(1) does not exist. Neither we nor the Board possess the authority to expand the language of the statute to

---

[2] The second clause of ORS 656.005(6), which provides that in addition to a written request for compensation a claim is also "any compensable injury of which a subject employer has notice or knowledge," is not at issue in this case.

[3] These cases construe the statutes in question before ORS 656.386(1) was revised by the 1995 Legislature. In our view, the 1995 revisions did not affect the basis for the reasoning in either *Allen* or *Johnson* but were intended to address an entirely different problem. We note that the 1997 Legislature has again revisited ORS 656.386(1) but that the revisions that went into effect on July 25, 1997, were not made retroactive and are therefore not applicable to this case.

embrace circumstances not covered by it. *See* ORS 174.010. Claimant's argument is one that must be made to the legislature. We conclude that the Board did not err by denying claimant's request for attorney fees.

Affirmed.