Argued and submitted February 14; resubmitted In Banc November 13, 1997, reversed and remanded February 25, 1998

In the Matter of the Compensation of
Michael J. Galbraith, Claimant.

Michael J. GALBRAITH,
*Petitioner,*

*v.*

L.A. POTTSRATZ CONSTRUCTION
and SAIF Corporation,
*Respondents.*

(95-03825; CA A91990)

955 P2d 319

Ernest M. Jenks argued the cause and filed the brief for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

ARMSTRONG, J.

Warren, J., dissenting.

## ARMSTRONG, J.

Claimant seeks review of a denial of an award of attorney fees under ORS 656.386(1). That statute requires an award of attorney fees when an attorney is instrumental in getting an insurer or self-insured employer to rescind a denial of a workers' compensation claim before an administrative law judge (ALJ) has issued a decision on the claim.[1] The Workers' Compensation Board denied an award of attorney fees to claimant on the ground that the insurer had not denied the claim at issue in this proceeding. We reverse.

The undisputed facts are as follows. In 1992, claimant was injured in a construction accident that resulted in paraplegia. SAIF accepted claimant's claim for the injury, and, in a December 1993 Notice of Closure, claimant received an award of 100 percent loss of use of both legs and 82 percent unscheduled disability.

On November 4, 1994, claimant fell from his wheelchair onto his right hip, fracturing his right hip and femur. He received treatment for his injuries and copies of his medical reports were forwarded to SAIF as a claim for compensation. SAIF paid claimant's medical expenses under his prior paraplegia claim but did not respond to the new claim. On March 27, 1995, claimant filed a hearing request, asserting a *de facto* denial of his claim. SAIF filed its "Response to Request for Hearing" on May 17, 1995. In that response, SAIF checked the box on the form corresponding to the statement: "There is no known basis for an award of penalties/attorney fees." SAIF also checked the box marked "Other" and, in the space provided, wrote, "The claimant is entitled to no relief."

The hearing was held on June 19, 1995. At that time, SAIF notified the ALJ that it had accepted the claim. The

---

[1] ORS 656.386(1) provides, in part:

"In all cases involving denied claims * * * where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed. For purposes of this section, a 'denied claim' is a claim for compensation which an insurer or self-insured employer refuses to pay on the express ground that the injury or condition for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to any compensation."

only issue remaining before the ALJ was whether claimant was entitled to reasonable attorney fees under ORS 656.386(1). Finding that there had been "no express denial of compensation," the ALJ denied claimant's request for attorney fees. On review, a divided Board affirmed the ALJ's decision, three to two. The majority concluded that claimant had failed to establish that his claim had been "denied" under the terms of the statute:

> "There is no evidence in this record that SAIF 'refused to pay' any compensation. In addition, there is no evidence of a 'denied claim' as contemplated by the statute. * * *

> "* * * To the contrary, the record establishes that all benefits for claimant's fractured femur were paid under his compensable paraplegia claim. Furthermore, * * * there is no concession that a fee should be awarded and no acknowledgment in the record that SAIF questioned the causal relationship of the femur fracture to the compensable injury. Likewise, there is no evidence in the record that SAIF questioned the causation of claimant's right femur fracture. Under such circumstances, the record does not establish that SAIF refused to pay compensation on the express ground that the femur fracture was not compensable or did not give rise to an entitlement to any compensation. Consequently we conclude that a 'denied claim' has not been established."

(Footnote omitted.)

We review the Board's legal conclusions for errors of law. ORS 183.482(8)(a). We conclude that SAIF's response to claimant's hearing request constituted an express denial of compensation of claimant's fracture injuries that satisfied the denial requirement for an award of attorney fees under ORS 656.386(1).

SAIF stated in its response to claimant's hearing request that "claimant is entitled to no relief." SAIF now argues that that statement was not an express denial of claimant's claim as contemplated by the legislature when it amended ORS 656.386(1) to define a "denied claim" as one that "an insurer * * * refuses to pay on the express ground that the injury * * * does not give rise to an entitlement to any compensation." We are at a loss to understand how

SAIF's statement can be understood as anything *but* an express denial of the claim under that definition.

Claimant suffered a compensable injury that left him without the use of his legs. He later suffered a nonwork-related injury, the fractured right hip and femur at issue here. His attending physician determined that the fractures were "clearly related to his paraplegia and caused substantially by the paraplegia." Claimant's compensation claim was, therefore, a claim for a consequential condition and not a claim for further payment under the earlier paraplegia claim. Claimant was thus entitled to have SAIF accept or deny the new claim. SAIF did neither within the time period specified by ORS 656.262(6), but it did pay for claimant's medical treatment under the paraplegia claim. Having received no response to his new claim, claimant requested a hearing, on the ground that there had been a *de facto* denial of that claim. SAIF's response to that request was that claimant was entitled to no relief on his claim. Claimant proceeded in the face of that denial, and only then did SAIF accept the claim.

The Board found significance in the fact that SAIF had paid claimant's medical bills. That flies in the face of a legislative directive depriving the payment of medical bills of any significance. ORS 656.262(10).[2] Payment of medical expenses is only one aspect of a claim, however. Because the fracture injuries are compensable only as consequences of the first, work-related, injury, claimant could not recover for any further loss in earning capacity occasioned by those injuries or for any later worsening or aggravation of them unless they, too, were accepted. It is for that reason that the "relief" to which claimant was entitled was the acceptance of the claim and not merely the payment of accrued expenses. By taking the position that claimant was not entitled to have his claim for the fracture injuries accepted as compensable, SAIF

---

[2] ORS 656.262(10) provides, in pertinent part:

"Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof."

necessarily refused to pay any benefits on those injuries other than the previously paid medical expenses.

This case is legally indistinguishable from *Kimberly Quality Care v. Bowman*, 148 Or App 292, 939 P2d 629 (1997). There, the claimant requested a hearing on a *de facto* denial of two conditions. The employer had paid the claimant's medical bills for those conditions on a prior, accepted claim, but it had not accepted the conditions. In response to the hearing request, the employer filed a check-the-box response that said that claimant had not sustained a work-related injury or disease. The employer later accepted the claim for those conditions but resisted an award of attorney fees under ORS 656.386 for one of the conditions, on the ground that it had not expressly denied that condition.

The Board disagreed with that contention and the employer petitioned for review. On review, the employer argued that it had not denied the claim for the disputed condition, as a denied claim is defined under ORS 656.386(1), because it had paid all the medical bills for that condition and, hence, had not refused to pay compensation for it. We rejected that argument:

> "Although employer had not refused to pay compensation up to the time claimant put the compensability of the conditions at issue, its notation on the response form was an express denial of the conditions on the ground that they were not related to the employment. *It carried with it an implicit refusal to pay compensation in the future.* * * * Although the check-the-box notation did not satisfy the requirements for a denial set forth in ORS 656.262(9), it nonetheless unequivocally expressed employer's denial of compensability."

*Kimberly Quality Care*, 148 Or App at 295 (emphasis supplied). Here, SAIF noted on the check-the-box form that claimant "is entitled to no relief." That notation also carried with it an implicit refusal to pay compensation in the future. We see no reason why we should decide this case differently from our decision in *Kimberly Quality Care*.[3]

---

[3] Because we conclude that SAIF's response to claimant's request for hearing was an express denial for purposes of ORS 656.386(1), we need not address claimant's other arguments concerning the effect of ORS 656.386(1) on the

Reversed and remanded.

**WARREN, J.,** dissenting.

The issue in this case is whether there was a denied claim pursuant to ORS 656.386(1). Because I believe the Board was correct in holding there was not a denied claim, I dissent.

The majority opinion writes that "[t]his case is legally indistinguishable" from *Kimberly Quality Care v. Bowman,* 148 Or App 292, 939 P2d 629 (1997). 152 Or App at 795. This is incorrect. The relevant facts of *Kimberly Quality Care* make it easily distinguishable from this case. In *Kimberly Quality Care,* the claimant specifically requested written acceptance or denial of her claim along with a notice of hearing. In response to that request, the insurer responded by denying that the claimant had sustained a work-related injury or disease. The Board held that "the insurer answered claimant's request for hearing by denying her allegations on the express ground that these condition[s] are not compensable." *Emily M. Bowman,* 48 Van Natta 1199, 2000 (1996).[1]

We affirmed the Board's order in *Bowman* and wrote that insurer's "notation on the response form was an express denial of the conditions *on the ground that they were not related to the employment." Kimberly Quality Care,* 148 Or App at 295 (emphasis supplied). The majority opinion errs by holding that the notation "claimant is entitled to no relief" suggests the same express denial embodied in the notation in

---

application of ORS 656.262(6)(a), which requires an insurer or self-insured employer to respond in writing to a claim for compensation, with either an acceptance or denial of the claim, within 90 days.

[1] The Board distinguished the different result from its earlier decision in this case:

"We find this case distinguishable from *Michael J. Galbraith,* 48 Van Natta 351 (1996). In *Galbraith,* the carrier responded to the claimant's request for hearing by asserting that the worker was 'entitled to no relief.' Because there was no refusal to pay compensation on the express ground that the condition was not compensable or that claimant was not otherwise entitled to compensation, there was no 'denied claim' as required by ORS 656.386(1). Here, in contrast, the carrier's response to the request for hearing expressly denied that claimant had sustained a work-related injury or disease. Because the carrier's response in this case constitutes a refusal to pay compensation on the express ground that the condition is not compensable, it is a 'denied claim' within the meaning of ORS 656.386(1)." *Emily M. Bowman,* 48 Van Natta 1199, 2000 n 2.

*Kimberly Quality Care,* which denied that the claimant had sustained a work-related injury or disease. This error becomes more apparent from the precise wording of ORS 656.386(1), which provides:

> "For purposes of this section, a 'denied claim' is a claim for compensation which an insurer or self-insured employer refuses to pay on the *express* ground that the injury or condition for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to any compensation." (Emphasis supplied.)

Pursuant to this definition, a denied claim requires three components: (1) a claim; (2) refusal to pay compensation; and (3) an express denial. In its opinion, the majority fails to explain what an "express denial" is. "Express," in this context, means "directly and distinctly stated or expressed rather than implied or left to inference: *not dubious or ambiguous.*" *Webster's Third New Int'l Dictionary* 803 (unabridged ed 1993) (emphasis supplied). In other words, an express denial is a denial that is directly and distinctly stated and not implied or ambiguous. Thus, the majority opinion necessarily holds that SAIF's notation on the hearing response form, "claimant is entitled to no relief," directly and distinctly (expressly) states SAIF's intent to refuse payment because the claim is not compensable or otherwise does not give rise to an entitlement to any compensation. Because I find SAIF's statement "ambiguous" and certainly not "express," I disagree.

The notation involved here has two possible, and plausible, interpretations. "[C]laimant is entitled to no relief" could mean that SAIF intended to deny the claim on the ground that claimant's fractured femur is not compensable or otherwise does not give rise to an entitlement to compensation; or, it could mean that, because SAIF had paid all of claimant's benefits under his paraplegia claim, there was nothing additional SAIF was then required to do to fulfill its obligations under the law. Both constructions are reasonable and ultimately create an ambiguity. That ambiguity, pursuant to ORS 656.386(1), should require this court to hold that it was not an express denial. Significantly, the notation in *Kimberly Quality Care* was not ambiguous and could only be interpreted to be an express denial.

Additionally, the majority opinion inadequately addresses the Board's finding: "There is no evidence in this record that SAIF 'refused to pay' any compensation." The record indicates that up to the time of hearing the insurer had paid all of claimant's medical bills.[2] The majority opinion, however, says that the notation "claimant is entitled to no relief" carries with it an implicit refusal to pay compensation in the future. 152 Or App at 795. That argument begs the question. If the notation constitutes a denied claim, then it certainly implies a refusal to pay compensation in the future. But as I have said, given the different inferences that can be drawn from the undisputed facts, there is substantial evidence that supports the Board's conclusion that what occurred in this case did not constitute an express denial.

Here, the evidence before the Board was that SAIF had paid all of the claimant's medical bills but had written "claimant is entitled to no relief" on a response to hearing form. Nothing in the record indicates that SAIF questioned the causation of the injury or expressly questioned its compensability. *Cf. Kimberly Quality Care*, 148 Or App at 294-95. Additionally, nothing was owing to claimant at the time the notation was written. The notation is capable of an understanding consistent with a denial or of a description of the present status of claimant's rights. The notation was in the present tense and literally did not address the future at all. On these facts, the Board did not err in finding that SAIF did not refuse to pay compensation in the future. The majority opinion errs in not addressing the Board's findings on this issue.

Because there is substantial evidence in the record to show that SAIF did not refuse to pay any compensation to claimant, and because this record does not indicate an express denial, I dissent.

Haselton, J., joins in this dissent.

---

[2] The majority opinion asserts that there is no significance in SAIF's payments and that there is a "legislative directive depriving the payment of medical bills of any significance." 152 Or App at 794. The majority opinion cites ORS 656.262(10) as support. However, that section simply provides that *payment of compensation*, by itself, shall not be considered an acceptance of a claim. That statute certainly does not foreclose the Board's ability to consider the payment of medical bills when examining the record to determine whether the insurer had refused to pay compensation.