Argued and submitted January 21, reversed and remanded April 28, 1999

In the Matter of the Compensation of
Joni M. Varah, Claimant.

## SAIF CORPORATION
and Fairview Training Center,
*Petitioners,*

*v.*

Joni M. VARAH,
*Respondent.*

(WCB 97-06270; CA A103050)

981 P2d 350

Steve Cotton, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Dale C. Johnson filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Petitioners, an employer and its insurer, seek reversal of an order of the Workers' Compensation Board that awarded claimant assessed attorney fees pursuant to ORS 656.386(1)(a) and (c). They contend that the Board erred in concluding that the original notice of acceptance of claimant's claim was, in fact, a denial and that the insurer's subsequent modification of that notice constituted a "rescission of the denial." ORS 656.386(1)(a). We reverse and remand.

In April 1997, claimant, who was employed as a habilitive training technician, suffered a compensable injury while lifting a client. Claimant subsequently filed a Report of Occupational Injury or Disease and received medical treatment for what was ultimately diagnosed as "[t]horacolumbar muscular back strain relating to lifting activities * * * resolved stationary without impairment." On July 14, 1997, the insurer, SAIF Corporation, issued a Notice of Acceptance, accepting a "thoracolumbar muscular back strain, *resolved*." (Emphasis added.) On August 5, 1997, claimant filed a request for hearing, describing the issue as "Improper prospective denial (see Notice of Claim Acceptance dated 7/14/97 alleging that accepted claim is resolved)." On August 27, 1997, before any hearing, SAIF issued a Modified Notice of Acceptance, accepting a "thoracolumbar muscular back strain"—*i.e.*, the modified notice deleted the term "resolved."[1]

Claimant then sought an assessed attorney fee pursuant to ORS 656.386(1), which provides, in part:

"* * * In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed.

"(b)  For purposes of this section, a 'denied claim' is:

"(A)  A claim for compensation which an insurer or self-insured employer refuses to pay on the express ground that the injury or condition for which compensation is claimed is

---

[1] The parties stipulated that all compensation was paid—that is, the use of "resolved" in the original Notice of Acceptance did not result in any staying or non-payment of compensation.

not compensable or otherwise does not give rise to an entitlement to any compensation;

"* * * * *

"(c)   A denied claim shall not be presumed or implied from an insurer's or self-insured employer's failure to pay compensation for a previously accepted injury or condition in timely fashion. Attorney fees provided for in this subsection shall be paid by the insurer or self-insured employer."[2]

Claimant contended that, because of SAIF's use of the term "resolved" in the original notice of acceptance, that notice was, in fact, a denial and not an acceptance and that SAIF's deletion of "resolved" in the modified notice effected a "rescission of the denial prior to a decision by the administrative law judge." ORS 656.386(1)(a).

The administrative law judge rejected that argument, reasoning that, even if SAIF's use of "resolved" "impl[ied] that future responsibility might be denied," such an "implication" was insufficient to trigger ORS 656.386(1)(a). An en banc majority of the Workers' Compensation Board disagreed and concluded that claimant was entitled to an assessed fee. The essence of the Board's holding, which invoked *Galbraith v. L.A. Pottsratz Construction*, 152 Or App 790, 955 P2d 319 (1998), was that, although "SAIF did not literally state that claimant was entitled to no relief * * * its acceptance of a 'resolved' condition * * * constitutes a denial of further benefits under the claim." The Board majority observed:

"Because it is well settled that the term 'resolved' carries with it the connotation of a denial of future claims for benefits, its inclusion in an 'acceptance' essentially represents a notice to the injured worker discouraging him/her from seeking further benefits for their 'resolved' condition. To find that the removal of the word 'resolved' from a carrier's acceptance does not warrant an attorney fee under ORS 656.386(1) for finally prevailing over a 'denied claim' would also mean that there are no consequences for the carrier's

---

[2] The quoted language was, for the most part, originally enacted as part of the 1995 amendments to ORS 656.386. Or Laws 1995, ch 332, § 43. In 1997, the legislature modified the structure and numbering of subsections within ORS 656.386(1) but did not alter the substance of the quoted provision. Or Laws 1997, ch 605, § 3.

acceptance of a 'resolved' condition. * * * [A]cceptance of a 'resolved' condition carries the implication that claimant is no longer entitled to relief for her compensable condition."

Two members of the Board dissented:

"In light of the legislature's requirement [in the 1995 amendments to ORS 656.386(1)] that a 'denied claim' involve a refusal to pay compensation on the 'express ground' that an injury or condition is not compensable or otherwise does not give rise to an entitlement to any compensation, it seems clear that the concept of an implied denial of future benefits * * * did not survive the 1995 legislative amendments."

On review, SAIF relies primarily on the Board dissent's reasoning, contending that the inclusion of "resolved" in the original notice of acceptance did not give rise to a "denied claim" within the meaning of ORS 656.386(1). We agree.

In *Stephenson v. Meyer*, 150 Or App 300, 945 P2d 1114 (1997), we held that, before a claimant can recover an assessed fee under ORS 656.386(1), three conditions must be met:

"(1) [T]here is a request for compensation; (2) the request for compensation is denied; and (3) the claimant prevails finally against the refusal to pay compensation as requested." 150 Or App at 304.

Under the statute, there is no "denied claim" unless the employer "refuses to pay on the express ground that the injury or condition * * * is not compensable." ORS 656.386(1).

Here, there was no *express* refusal to pay compensation. At most, the use of "resolved" in the original notice of acceptance *implied* that SAIF might refuse to pay future benefits for claimant's condition. The Board majority acknowledged as much: "[A]cceptance of a 'resolved' condition carries *the implication* that claimant is no longer entitled to relief for her compensable condition."[3] (Emphasis added.) Such an

___

[3] Indeed, the Board majority relied substantially on Board precedent that held that the term "resolved" implied that the carrier was no longer responsible for the future benefits for claimant's condition. *Gary L. Best*, 46 Van Natta 1694 (1994). That authority antedated the 1995 amendments to ORS 656.386(1), including the statutory definition of "denied claim," which is central to our analysis.

"implication" is not "express" and, thus, does not trigger the statutory entitlement to an assessed fee.

*Galbraith*, on which the Board majority relied, is materially factually distinguishable. There, in responding to the claimant's hearing request, SAIF stated, "The claimant is entitled to no relief." In concluding that the claimant was entitled to attorney fees, we emphasized that language and concluded, "We are at a loss to understand how SAIF's statement can be understood as anything *but* an express denial of the claim" for purposes of ORS 656.386(1). 152 Or App at 793-94 (emphasis in original). Thus, *Galbraith* turned on an explicit denial. In this case, "resolved" connotated, at most, an implicit denial of future benefits.

The Board erred in awarding claimant attorney fees under ORS 656.386(1).[4]

Reversed and remanded.

---

[4] Our disposition obviates any need to address petitioners' other assignment of error, which asserts that the Board, in awarding fees, failed to comply with the dictates of *Schoch v. Leupold & Stevens*, 325 Or 112, 934 P2d 410 (1997).